This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **No. A-1-CA-34685**

**FABIAN FIERRO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1} Defendant Fabian Fierro appeals from the district court's judgment entered pursuant to a jury verdict for the crimes of aggravated assault upon a peace officer (deadly weapon), contrary to NMSA 1978, Section 30-22-22(A)(1) (1971); shooting at or from a motor vehicle (no great bodily harm), contrary to NMSA 1978, Section 30-3-8(B) (1993); and aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003). Defendant argues: (1) that his convictions for aggravated assault upon a peace officer and shooting at or from a motor vehicle violated his constitutional right to be free from double jeopardy, (2) that insufficient evidence exists to support his conviction for aggravated fleeing a law enforcement officer, and (3) that the prosecutor's statements that Defendant was "lying in wait" before firing a firearm at the deputy constituted misconduct. We reject Defendant's arguments and affirm.

**BACKGROUND**

{2} Because this is a memorandum opinion and the parties are familiar with the facts, this background section is limited to the factual and procedural events that are required to place our analysis in context. Additional facts will be provided as necessary.

{3} While on patrol, Deputy Amber Salter of the Eddy County Sheriff's Department nearly collided with Defendant after he backed out of a driveway at

3

approximately12:20 a.m. without his headlights on. Upon turning her patrol car around to follow Defendant, he turned his headlights on, then off. Deputy Salter attempted to stop Defendant by utilizing her emergency lights. Having failed to stop him, Deputy Salter engaged her siren to no avail. Defendant made a turn, accelerated ten miles over the speed limit on a narrow, crowded residential street, ran the stop sign at the next intersection and accelerated to approximately 65 miles per hour in a 35 mile per hour zone. Defendant ran another stop sign at a four-way stop, again accelerated—whereupon his car jumped a curb—drove to an apartment complex and stopped, all while Deputy Salter pursued with activated emergency lights and siren.

{4}     When Deputy Salter came within "less than a car length" of Defendant's stopped vehicle, three shots were fired in her direction from Defendant's vehicle, with bullets ricocheting off the street in front of her patrol car. Defendant again sped away, and at the next intersection, intentionally stopped his car in the center of the intersection as Deputy Salter approached. Defendant fired two more shots at Deputy Salter. Defendant then drove back to the apartment complex where the first three shots were fired, and he and his passenger then fled on foot into one of the apartments and were later apprehended hiding in an attic of the apartment complex. Throughout the entire incident, Defendant had a passenger in his car.

**DISCUSSION**

4

## I. Double Jeopardy

{5} The appellate courts "generally review double jeopardy claims de novo." *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737; *see State v. Saiz*, 2008-NMSC-048, ¶ 22, 144 N.M. 663, 191 P.3d 521 ("Double jeopardy presents a question of law, which [the appellate courts] review de novo."), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783. "The constitutional prohibition against double jeopardy protects against both successive prosecutions and multiple punishments for the same offense." *State v. Armijo*, 2005-NMCA-010, ¶ 15, 136 N.M. 723, 104 P.3d 1114 (internal quotation marks and citation omitted); *see* U.S. Const. amend. V; *see also* N.M. Const. art. II, § 15.

## A. Aggravated Assault Upon a Peace Officer and Shooting At or From a Motor Vehicle

{6} Defendant argues that his convictions for aggravated assault upon a peace officer and shooting at or from a motor vehicle violate double jeopardy because they impose multiple punishments for the same conduct. In the present case, "we are faced with multiple punishments, . . . [a] double description case." *Armijo*, 2005-NMCA-010, ¶ 15 (internal quotation marks and citation omitted). Because Defendant's claim is a double description type double jeopardy claim, which involves convictions of multiple statutes based on the same criminal conduct, we apply the analysis set out in

5

*Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. For double description claims, we follow the two-part test set out in *Swafford*. *See State v. Bernal*, 2006-NMSC-050, ¶ 9, 140 N.M. 644, 146 P.3d 289. We first "examine whether the conduct was unitary, meaning whether the same criminal conduct is the basis for both charges. If the conduct is not unitary, then the inquiry is at an end and there is no double jeopardy violation." *Id.* (citation omitted).

{7}     Defendant argues that his convictions for aggravated assault upon a peace officer and shooting at or from a motor vehicle violate this prohibition because his conduct was unitary based on the facts and that "[t]he act of shooting the gun from the car at Deputy Salter's police car was the basis for both the shooting at or from a motor ve[hic]le and the aggravated assault on a peace officer." Defendant asserts his acts were unitary because "[c]onduct is unitary when not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." The State responds that the "conduct was not unitary because the 'illegal acts' are separated by sufficient indicia of distinctness." We agree that Defendant's conduct was not unitary.

{8}     Our analysis begins with an examination of the contours of unitary conduct. As our Supreme Court observed, "[u]nitary conduct is often defined by what it is not. Thus, conduct is not unitary if the defendant commits two discrete acts violative of the

6

same statutory offense, but separated by sufficient indicia of distinctness." *State v. Cooper*, 1997-NMSC-058, ¶ 59, 124 N.M. 277, 949 P.2d 660 (internal quotation marks and citation omitted). In analyzing the contours of the "indicia of distinctness," our courts are to consider "the separation between the illegal acts by either time or physical distance, the quality and nature of the individual acts, and the objectives and results of each act." *Id.* (internal quotation marks and citation omitted); *see State v. Sotelo*, 2013-NMCA-028, ¶ 18, 296 P.3d 1232 ("Independent factual bases may be established by determining whether the acts constituting the two offenses are sufficiently separated by time or space, looking to the quality and nature of the acts, the objects and results involved, and the defendant's mens rea and goals during each act." (emphasis, internal quotation marks, and citation omitted)). Distinctness may also be established by the "existence of an intervening event[,] . . . [the] defendant's intent as evidenced by his conduct and utterances[,] . . . [the] number of victims," and "the behavior of the defendant between [acts.]" *Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624.

{9}     Regarding whether conduct is unitary, we look for "an identifiable point at which one of the charged crimes had been completed and the other not yet committed." *State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M. 211, 131 P.3d 61; *see Bernal*, 2006-NMSC-050, ¶ 11 (holding that the defendant's conduct is not unitary

7

where the defendant completes one of the charged crimes before committing the other); *State v. Montoya*, 2016-NMCA-098, ¶ 21, 384 P.3d 1114 (same), *cert. denied*, (No. S-1-SC-36067, Sept. 29, 2016); *State v. Melendrez*, 2014-NMCA-062, ¶ 10, 326 P.3d 1126 (same).

{10} In this case, we conclude that the first act of shooting at or from a motor vehicle—where three shots were fired when Deputy Salter was within less than a car length from Defendant's vehicle—was separated with a sufficient indicia of distinctness from the subsequent aggravated assault on Deputy Salter—where the two shots were fired from Defendant's stopped car in the intersection—by time, the nature of the individual criminal acts, and the objectives of the criminal acts. Specifically, Defendant's act of shooting at or from a motor vehicle was complete before Defendant fled from Deputy Salter and subsequently stopped his car in the middle of a different intersection and committed aggravated assault on Deputy Salter. And, as *Herron* teaches, the act of shooting from a motor vehicle and the act of aggravated assault upon Deputy Salter were sufficiently distinct as evidenced by an intervening event—aggravated fleeing from the first stop.

{11} Our conclusion that Defendant's offenses were not unitary is also premised on *Saiz*, which held that "[t]he proper analytical framework is whether the facts presented at trial establish that the jury reasonably could have inferred independent factual bases

8

for the charged offenses." 2008-NMSC-048, ¶ 30 (internal quotation marks and citation omitted). Given the indicia of distinctness here and with *Saiz* in mind, we hold that the criminal conduct was not unitary, and thus there was no double jeopardy violation.

**{12}** Finally, Defendant raises for the first time in his reply brief that the jury instructions did not differentiate the two instances of shooting at Deputy Salter, and therefore the jury could be relying on the same instance of shooting to punish Defendant twice. We do not address issues raised for the first time in the reply brief. *State v. Fairweather*, 1993-NMSC-065, ¶ 32, 116 N.M. 456.

**II.     Sufficient Evidence Exists to Establish Aggravated Fleeing Beyond a Reasonable Doubt**

**{13}** Defendant argues that the aggravated fleeing statute requires that the fleeing driver "willfully and carelessly" drive in a manner that "endangers the life of another person" pursuant to Section 30-22-1.1. In so arguing, Defendant maintains, "there was no evidence that [Defendant's] driving endangered anyone. There were no other drivers on the road."

**{14}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and

9

citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. It is undisputed that Defendant had a passenger in his vehicle. We reject Defendant's argument that insufficient evidence exists which demonstrated that his conduct endangered the life of another person. In *State v. Padilla*, 2008-NMSC-006, ¶ 4, 143 N.M. 310, 176 P.3d 299, our Supreme Court noted that having passengers in the car with a broken door latch satisfied endangerment of another person. In *State v. Coleman*, 2011-NMCA-087, ¶ 22, 150 N.M. 622, 264 P.3d 523, our Court had, "little trouble concluding that [the d]efendant endangered the life of another person," where the lives of two passengers and the deputy were placed in jeopardy during a chase. (internal quotation marks and citation omitted). We conclude that Defendant endangered the life of another person.

**III.     The Prosecutor's Comments Did Not Constitute Misconduct or Result in Fundamental Error.**

{15}     Defendant argues that the prosecutor made an improper comment in closing argument "by unfairly painting him as lying in wait." When the defendant does not object to the comment, this Court reviews the claim for fundamental error. *See State*

10

*v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. We review the comments made by the prosecutor "in the context in which they occurred so as to gain full appreciation of the comments and their . . . effect on the jury." *State v. Estrada*, 2001-NMCA-034, ¶ 24, 130 N.M. 358, 24 P.3d 793. Here, in reference to the second occurrence of Defendant's firing his handgun at Deputy Salter—after stopping the second time in the middle of the intersection—the prosecutor stated "they go a little bit more" and "they stop, they lie in wait, she gets close and more shots rang out." These comments made by the prosecutor were in reference to count 1 of the criminal information: assault with intent to commit a violent felony upon a peace officer. Based on our review of the facts, ample evidence was presented at trial—firing the handgun at Deputy Salter on two different and distinct occasions, attenuated in time—from which the jury could conclude that "Defendant intended to kill [Deputy] Salter." We are unconvinced that the prosecutor's conduct was error or fundamental error, *State v. Lamure*, 1992-NMCA-137, ¶ 29, 115 N.M. 61, 846 P.2d 1070, much less "created a reasonable probability that the error was a significant factor in the jury's deliberations." *Sosa*, 2009-NMSC-056, ¶ 35 (internal quotation marks and citation omitted).

**CONCLUSION**

{16}    We Affirm.

11

{17}    **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**EMIL J. KIEHNE, Judge**